IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JASON PAUL NEIL,                          :
              Plaintiff                   :
        v.                                : Case No. 3:23-cv-183-KAP
ABBY TATE, WARDEN of the BLAIR            :
COUNTY PRISON, *et al.*,                  :
              Defendants                  :

<u>Report and Recommendation</u>

<u>Recommendation</u>

I recommend that the complaint be dismissed without leave to amend.

<u>Report</u>

This is filed as a Report and Recommendation because in <u>Burton v. Schamp</u>, 25 F.4th 198 (3d Cir. 2022), the Court of Appeals held that in cases where judgment may be appropriate as to parties that have not consented before judgment to Magistrate Judge jurisdiction under 28 U.S.C.§ 636(b)(1)(C), the Magistrate Judge should proceed by Report and Recommendation to the District Court, which has Article III authority to dismiss parties and enter final judgment in the matter in favor of parties who have not filed a consent. Ordering service of a complaint to determine whether parties in whose favor judgment would be entered would consent to Magistrate Judge jurisdiction under 28 U.S.C.§ 636(b)(1)(C) would waste scarce resources. Accordingly, regardless of any consent or lack thereof by the plaintiff, this format is used because review indicates that this matter should be dismissed.

Plaintiff Jason Neil is an inmate at S.C.I. Pine Grove serving several sentences imposed in the Court of Common Pleas of Blair County, including the one at <u>Commonwealth v. Neil</u>, CP-07-CR-490-2022 (C.P. Blair), in which the Honorable Timothy Sullivan imposed an aggregate 2-4 year sentence on May 16, 2022, after Neil's guilty plea to controlled substances offenses and endangering the welfare of children. This matter is therefore subject to the Prison Litigation Reform Act. The Prison Litigation Reform Act's screening requirements for litigants proceeding *in forma pauperis* are set out at 28 U.S.C.§ 1915(e)(2):

(2)    Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
(A)    the allegation of poverty is untrue; or
(B)    the action or appeal --
(i)    is frivolous or malicious;

1

(ii)    fails to state a claim on which relief may be granted; or

(iii)    seeks monetary relief against a defendant who is immune from such relief.

*See also* 28 U.S.C.§ 1915A.  This complaint is legally frivolous.

Neil alleges that in February 2022 he was in the Blair County Prison, having been sentenced in November 2021 in Huntingdon County to a term of 15-36 months imprisonment. Prison officials allegedly suspected Neil was smuggling suboxone into the prison during contact visits with his infant daughter, the child of Neil and Michele Loyd. Prison officials, Children & Youth Services employees, and Hollidaysburg Borough police officers allegedly responded by arranging or permitting what Neil calls a "sting operation" on February 23, 2022. When Loyd and the infant arrived for a visit, the infant's "clothing was physically taken off her body while she cried and whimpered." Allegedly neither Loyd or a person described as "the guardian grandparent" was asked for consent or asked to be present for the search, which allegedly took place in an inappropriate room without window blinds or curtains and visible from the public street.

Neil does not allege what happened next but controlled substances were found, and as noted above that led to criminal charges against Neil that were final as of the date the complaint was filed. The criminal charges against Loyd are still pending in Blair County.

Neil seeks money damages as well as "to make publicly known the misconducts and abuse of the law that led to the criminal charges against Jason Neil and Michele Loyd." He adds that "there was a total disregard to the child's safety," an invasion of the child's privacy, and "a substantial risk that a dangerous or fatal event could [have] occur[red]" because the defendants allowed events to occur "where they anticipated drugs [would] be placed on a minor child."

It is important to stress that Neil is permitted to raise claims only on his own behalf. *See* Handy v. Houtzdale Prison, 3:19-cv-44-KRG-KAP (W.D.Pa. April 3, 2019); Camp v. Harper, 2020 WL 3104026 (W.D. Pa. June 11, 2020)(Lenihan, M.J.). Although 28 U.S.C.§ 1654 allows a person to appear in federal courts as a plaintiff on his own behalf, Neil as a nonlawyer cannot without an attorney litigate a claim on behalf of another person, including his child, because that risks the loss of the child's legal rights. As the Court of Appeals has further elaborated, "next friend" standing (with an attorney) is proper only where the applicant has a significant relationship with the real party in interest and is dedicated to the best interests of the person on whose behalf he seeks to litigate. *See* Bush v. Goodall, 732 Fed.Appx. 135, 137 (3d Cir. 2018). It is not necessary to delve into Neil's fitness to serve (including the potential for conflicts of interest) or whether the guardian grandparent mentioned in passing would be a more appropriate next friend or guardian *ad litem*.

If Neil is making a claim for himself, the classic definition of chutzpah is murdering one's parents and asking for sympathy as an orphan, with this case a close second. Neil's theory of liability would be that if defendants had stopped his visitation and put him in administrative or investigative custody, the drug smuggling and endangerment of children would never have taken place. If that were an acceptable theory it would give any law enforcement officer a Hobson's choice: a "belief" that any person had committed or might commit some crime would require the officer to act on it immediately by arresting that person (and facing liability for acting without probable cause) or assuming liability both to the criminal and victim for any subsequent crime the criminal was able to commit. Virtually all federal and state law enforcement investigations into distribution of controlled substances, human trafficking, fraud, extortion, and identity theft would have to cease.

In addition to the revolutionary nature of the necessary legal principle, Neil's specific claims on his own behalf are foreclosed, now and forever, by his conviction. If Neil had a constitutional claim based on the alleged duty of defendants to not allow the drug smuggling and endangerment of children to take place, that would imply that his conviction (on his guilty plea) was invalid. Under the rule of Heck v. Humphrey, 512 U.S. 477, 487 (1994), "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." For Neil to be able to obtain damages from the defendants for not preventing his criminal conduct while his conviction stands -pursuant to his guilty plea - would absurdly make his damages award greater the more criminal conduct he pleaded guilty to.

The Court of Appeals, in Grayson v. Mayview State Hospital, 293 F.3d 103 (3d Cir.2002) and similar cases directs district courts to allow plaintiffs in civil rights cases leave to amend unless that amendment is "futile" or "inequitable." The Court of Appeals also directs that with two exceptions "federal courts treat *pro se* litigants the same as any other litigant." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244 (3d Cir. 2013). Those exceptions are liberal construction of pleadings – which does not relieve *pro se* plaintiffs from alleging sufficient facts in their complaints – *id.,* 704 F.3d at 245, and giving notice to *pro se* inmate litigants when a motion to dismiss will be treated as a summary judgment motion. *Id.* The defect in the complaint is that Neil cannot sue on his daughter's behalf and no law supports a claim for Neil himself. Amendment is futile.

Pursuant to 28 U.S.C.§ 636(b)(1), the plaintiff can within fourteen days file written objections to my recommendation. In the absence of timely and specific objections, any appeal would be severely hampered or entirely defaulted. See EEOC v. City of Long Branch, 866 F.3d 93, 100 (3d Cir. 2017) (describing standard of appellate

review when no timely and specific objections are filed as limited to review for plain error).

DATE: October 31, 2023

Keith A. Pesto,
United States Magistrate Judge

Notice by U.S. Mail to:

Jason P. Neil QN-9300
S.C.I. Pine Grove
189 Fyock Road
Indiana, PA 15701