IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON PAUL NEIL, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil Action No. 3:23-cv-183 ) Judge Stephanie L. Haines |
| WARDEN ABBY TATE, *et al.*, | ) Magistrate Judge Keith A. Pesto ) |
| Defendants. | ) ) ) |

**MEMORANDUM ORDER**

Presently before the Court is a complaint in civil action under 42 U.S.C. § 1983 filed *pro se* by Jason Paul Neil ("Plaintiff")( ECF No. 8). Plaintiff sued Warden Abby Tate, Deputy Warden Edmundson, Lieutenant Fogle, Lieutenant Jonston, Sergeant Schmit, Corrections Officer Robbin Collins, B.C.C.Y.S. Coordinator Shannon Tucker, Kids First Clinical Director Amber Brick, Detective Jeffrey Friday, Sergeant Oldham, Blair County Children and Youth Services, and Blair County Prison (collectively "Defendants"), for a search and seizure operation which took place at the Blair County Prison. Plaintiff claims a search of his minor child and the seizure of illegal drugs found on his minor child violated the law and his civil rights. *Id*. at p. 5, ¶ 16.[1] This matter was referred to Magistrate Judge Keith A. Pesto for proceedings in accordance with the Federal Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72.D.

A.  **Standard of Review**

Under the Prisoner Litigation Reform Act ("PLRA"), courts are required to screen complaints brought by prisoners in all *in forma pauperis* cases and to dismiss cases that are

---

[1] The only named plaintiff in this action is Jason Paul Neil. As Magistrate Judge Pesto rightly states in his Report and Recommendation (ECF No. 9), Plaintiff may only raise claims on his own behalf. *See Handy v. Houtzdale Prison*, 3:19-cv-44-KRG-KAP (W.D. Pa. April 3, 2019); *Camp v. Harper*, 2020 WL 3104026 *1 (W.D. Pa. June 11, 2020).

1

frivolous or that fail to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2), 1915A; and 42 U.S.C. § 1997e(c)(1); *see also Grayson v. Mayview State Hosp.,* 293 F.3d 103, 108 (3d Cir. 2002).[2] These statutes require the Court to review the Complaint and *sua sponte* dismiss any claims that are frivolous or malicious or fail to state a claim upon which relief may be granted. "[A] complaint…is frivolous where it lacks an arguable basis in either law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). In determining whether the factual assertions are clearly baseless, and the complaint is therefore frivolous, a court need not accept its allegations as true. *See Denton v. Hernandez,* 504 U.S. 25, 33 (1992). The legal standard for dismissing a complaint under these statutes for failure to state a claim is identical to the legal standard used when ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999); *see also D'Agostino v. CECOM RDEC,* 436 Fed. App'x 70, 72-73 (3d Cir. 2011).

In order to survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint, including one filed by a *pro se* litigant, must include factual allegations that "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 570). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice' but also the 'grounds' on which the claim rests." *Phillips v. County of Allegheny,* 515 F.3d 224, 232 (3d Cir. 2008). In determining whether a plaintiff has met this standard, a court must reject legal conclusions unsupported by factual allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements;" "labels and conclusions;" and "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal,* 556

---

[2] *See* ECF No. 3, Plaintiff's Motion for Leave to Proceed in forma pauperis. Memorandum Order granting Plaintiff's Motion for Leave to Proceed in formal pauperis (ECF No. 7).

U.S. at 678-79 (citations omitted). Mere "possibilities" of misconduct are insufficient. *Id.* at 679. Nevertheless, because Plaintiff is proceeding *pro se*, his allegations, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). Moreover, under the liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant.

B.   **Discussion**

The basic facts and allegations of this case are that Defendants conspired against Plaintiff when arranging and scheduling a February 23, 2022, visit between Plaintiff, Plaintiff's girlfriend Michelle Loyd, and their minor child under the suspicion that Plaintiff was smuggling drugs into Blair County Prison. Plaintiff asserts:

> These officers outrageously and blindly arranged an operation where they anticipated drugs to be placed on a minor child. Not preventing this situation from ever occurring is knowingly endangering the welfare of a child with malicious intentions. This was purely a sting operation in which a minor child and her mother were lured into a situation where the hopes were for the mother to endanger her child and because of the location she was directed to give authorities more leeway to conduct a search without application for a warrant.

ECF No. 8, ¶ 27. Plaintiff further asserts that the minor child was taken into a lobby with an unobstructed view from the public sidewalk and street. *Id.* ¶¶ 39-40. She was surrounded by four strangers and her clothing was removed while she cried and whimpered. *Id.* Plaintiff asserts Defendants acted in violation of the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution. *Id.* at 9.

Magistrate Judge Pesto filed a Report and Recommendation (ECF No. 9) recommending Plaintiff's Complaint (ECF No. 8) be dismissed without leave to amend. The Court of Appeals, in *Grayson v. Mayview State Hosp.*, 293 F.3d 103 (3d Cir. 2002), directs courts to allow plaintiffs

in civil rights cases leave to amend unless that amendment is "futile" or "inequitable." Plaintiff was advised he had fourteen days to object to the Report and Recommendation. *See* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2. Plaintiff timely filed Objections (ECF No. 10), and the matter is ripe for disposition.

Judge Pesto, in his Report and Recommendation, stated that Plaintiff pleaded guilty to and was prosecuted and convicted in state proceedings for drug charges stemming from the search of Plaintiff's minor child and the resultant seizure of drugs. ECF No. 9, p. 1 (CP-07-CR-490-2022). Judge Pesto rightly determined that Plaintiff's ability to file a constitutional claim in federal court is foreclosed by this conviction in state court. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994) ("The district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence had already been invalidated.")

Plaintiff's Objections (ECF No. 10) asked for an extension to file supplemental objections because Plaintiff, under the Post-Conviction Relief Act ("PCRA"), had filed an appeal of the state court conviction and the outcome of his PCRA appeal would be pertinent to this case. ECF No. 10, p. 1. A review of the state court record shows that Plaintiff filed a *pro se* motion to withdraw his PCRA petition on December 21, 2023. The state court granted the motion to withdraw and the PCRA petition was dismissed on January 24, 2024. Therefore, the state court conviction stands on charges associated with the alleged actions of Defendants' at issue here.

This Court finds that Plaintiff's Complaint (ECF No. 8) should be dismissed with prejudice. First, the Court notes that Plaintiff did not sufficiently plead any elements of any one of his Constitutional Amendment violation claims. As expressed earlier, Defendants' search and seizure was not upon Plaintiff's person, and there is no cognizable constitutional claim that could apply to

the liability of Defendants for not preventing Plaintiff's criminal conduct. Second, Plaintiff cannot assert inapplicable constitutional rights as a means to benefit from criminal activity. Plaintiff plead guilty and currently stands convicted of criminal charges related to the search and seizure of illegal drugs. It can be presumed that the operation of the search and seizure to obtain the criminal conviction was performed lawfully. In other words, Plaintiff's constitutional claims are *Heck* barred because the lawfulness of the conviction is final and cannot be called into question by the issue of damages claims in this case. *See Heck, 512 U.S.* at 483.

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Id.* at 486–87. Furthermore, one cannot fathom any constitutional claim that can be raised by Plaintiff in the scenario of this case.

Upon review of the record and the Report and Recommendation (ECF No. 9), and under Local Civil Rule 72.D.2, the Court will adopt in whole the findings and recommendations of Magistrate Judge Pesto. Magistrate Judge Pesto correctly determined Plaintiff has failed to state a claim upon which relief can be granted.

Accordingly, the following order is entered:

## **ORDER**

AND NOW, this 31st day of October, 2024, IT IS ORDERED that Magistrate Judge Pesto's Report and Recommendation (ECF No. 9) is adopted as the Opinion of the Court and;

IT IS FURTHER ORDERED that Plaintiff's Objections (ECF No. 10) are overruled and his Complaint (ECF No. 8) is hereby dismissed with prejudice.

Stephanie L. Haines
United States District Judge